## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **United States of America** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No.  1:25-CR-10** |
| | : | |
| **Jose Lopez-Guevara** | : | |
| | : | |
| **Defendant** | : | |

### Motion in Limine to Exclude Expert Witness Testimony

### Introduction

Jose Lopez-Guevara, through Counsel, respectfully requests the Court to preclude the Government from introducing expert witness testimony through Homeland Security Investigations (HSI) Special Agent Gregory Squire. The proposed testimony is not lay witness testimony; it rests on highly specialized law enforcement training, knowledge, and skill. Because the proposed testimony falls within the ambit of Federal Rule of Evidence 702, the Government was required to disclose it as required under Federal Rule of Criminal Procedure 16. It has failed to do so. Accordingly, the proposed testimony should be excluded from admission into evidence at trial.

### Factual Background

On March 19, 2026, the Government disclosed a report authored by Gregory Squire, Special Agent with Homeland Security Investigations ("HSI"). *See* Exhibit A (Gregory Squire Report). The report is titled "Identify producer and victim in Darkweb CSE Series" and appears to provide an overview of the investigation into

this case. It describes HSI reviewing videos of child sexual abuse on a known Darkweb site, a description of the videos, and certain digital forensic data associated with the videos. The report further describes unique searches conducted by law enforcement to attempt to identify the minor depicted in the videos, as well as opinions based on visual comparisons of videos and images. The Government has also provided a CV for Agent Squire.  *See* Exhibit B (Gregory Squire CV).

Mr. Lopez-Guevara respectfully requests the Court to issue an order precluding Agent Squire from offering impermissible expert witness testimony. Agent Squire's proposed testimony rests on highly specialized law enforcement training, knowledge, and skill that falls within the ambit of Ruel 702. As a result, the Government was required to properly disclose the proposed testimony under Rule 16. It has failed to do so. Exclusion is therefore appropriate.

## Argument

### 1. Agent Squire's report contains expert witness testimony.

The information contained in the report cannot be discussed by a lay witness. It is expert witness testimony. A lay witness may testify to a matter "only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. A lay witness is permitted to offer opinion testimony, provided, however, that it is "(a) rationally based on the witness's perception, (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) *not based on scientific, technical, or other specialized knowledge within the scope of Rule 702*." Fed. R. Evid. 701 (emphasis added). If a lay witness's

testimony is based on scientific, technical, or other specialized knowledge then it has morphed into that of an expert witness. *See* Fed. R. Evid. 702. The Fourth Circuit has made it abundantly clear that Rule 701 "forbids the admission of expert testimony dressed in lay witness clothing." *United States v. Johnson*, 617 F.3d 286, 293 (4th Cir. 2010) (quoting *United States v. Perkins*, 470 F.3d 150, 156 (4th Cir. 2006)).

This principle applies to law enforcement witnesses, particularly when they rely on specialized knowledge derived from their law enforcement experience. *See*, *e.g.*, *United States v. Denton*, 944 F.3d 170, 185 (4th Cir. 2019) (noting that the testimony of a law enforcement officer "crosses the fine line between permissible lay perception, but rather on law enforcement experience and after-the-fact investigation.").

Agent Squire's report contains information that is based on highly specialized law enforcement knowledge, training, and skill. The report provides information about law enforcement efforts and techniques to investigate crimes on the Darkweb, the identification of videos of child sexual abuse on the darknet, including digital forensic data associated with those videos, and unique investigative techniques utilized in this case, including "searches in open source repository." Such testimony crosses the threshold from lay to expert based on its reliance on specialized knowledge, training, and skill.

Agent Squire has not been properly disclosed as an expert witness under Rule 16. As such, the Court should exclude him from offering expert witness testimony at trial.

**2. The Government has failed to properly disclose Agent Squire as an expert witness under Rule 16.**

"At the defendant's request, the government must disclose to the defendant, in writing, the information" for each expert witness it intends to call during its case-in-chief at trial. See Fed. R. Crim. P. 16(a)(1)(G)(i), (iii). Among the required information is a written summary that includes:

- A complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony
- that the defendant has timely disclosed under (b)(1)(B);
- The bases and reasons for them;
- The witness's qualifications, including a list of all publications authored in the previous 10 years; and
- A list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Fed. R. Crim. P 16(a)(1)(G)(iii). If the Government fails to comply with this rule, the court may "prohibit [it] from introducing the undisclosed evidence." Fed. R. Crim. P 16(d)(2)(C)). Under Rule 16, the Government must make its expert witness disclosure by any deadline set by the Court or local rule. *See* Fed. R. Crim. P. 16(a)(1)(G)(ii). The deadline "must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." *Id.*

The Government has failed to properly disclose Agent Squire as an expert witness under Rule 16. The report provided does not provide a complete statement of all of his opinions or the specific bases and reasons for them. The deficient notice deprives Mr. Lopez-Guevara of a meaningful opportunity to challenge the proposed expert witness testimony with the agreed upon deadline. Given that the trial in this case is set to begin in less than a month, the remedy is exclusion.

## Conclusion

For the reasons provided above, the Court should preclude Agent Squire from offering expert witness testimony at trial.

Respectfully submitted,
James Wyda
Federal Public Defender
  for the District of Maryland

___/s/_____
Francisco A. Carriedo (#816158)
Gabriel Reyes
Assistant Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland  21201
Phone: (410) 962-3962
Fax:  (410) 962-0872
Email: Francisco_Carriedo@fd.org
      Gabriel_Reyes@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2026, a copy of the foregoing was served via CM/ECF to the Government.

_____/s/_____
Francisco A. Carriedo