**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| United States of America | : | |
| | : | |
| | : | |
| v. | : | Case No.  1:25-CR-10-RDB |
| | : | |
| Jose Lopez-Guevara | : | |
| | : | |
| Defendant | : | |

**Defendant's Objection to Proposed Government Exhibits**

On March 27, 2026, the government provided the defense draft exhibits.  The defense specifically objects to the inclusion of the following exhibits, either in whole or in part.  These objections are made without limitation to objections at trial on similar or other grounds.

**Objections to Exhibit 3.2 and 3.4 (Photos from Adam Lopez Facebook Account and Images from Catrachita Erazo Account)**

The defense objects to the hearsay statements on this exhibit, mainly the names and comments to the right of the photographic images.  User comments do not come within a recognized hearsay exception:

> The Government's representations suggest that some of the records may contain statements that do not fall within Rule 803(6) or may contain hearsay-within-hearsay. *See* Fed. R. Evid. 805. For instance, the Government represents in its trial brief that it seeks to admit Facebook messages Mr. Sam's alleged co-conspirators sent to Mr. Sam. (See Dkt. No. 138 at 12-13.) These messages, if offered for their truth, are not Facebook's business records. *See United States v. Browne*, 834 F.3d 403, 409-11, 65 V.I. 425 (3d Cir. 2016) (suggesting that portions of Facebook chat logs, such as "timestamps . . . and similarly technical information verified by Facebook," likely fall within Rule 803(6) but holding that user messages "are not business records under 803(6)"). Therefore, if the Government seeks to admit [*3] these messages it must show they are

not hearsay or rely on another hearsay exception, as the Government suggests it intends to in its trial brief.

*See United States v. Sam*, No. 19-0115-JCC-2, 2021 US. Dist. LEXIS 103831, *2-3 (W.D. Wa. Jun. 2, 2021).

**Objection to Exhibit 3.3 (Images from Alejandro Erazo Account)**

Pursuant to Federal Rule of Evidence 401 and 403, the defense objects to the inclusion of the image on pages 4-5 of this exhibit. That image includes inflammatory statements about the political situation in Honduras. The defense also objects to user comments based on hearsay (see objection to Exhibit 3.2).

**Objections to Exhibits 9.2, 9.3, 9.5, 9.6, 9.7, 9.8, 10.2, 10.3, 10.4, 10.5, 10.6, 10.7, 10.8 (Cellebrite Phone Summaries)**

The defense objects to these exhibits based on Federal Rules of Evidence 107, 1002, and Rule 1006. It is unclear how the government intends to proceed with its use of these exhibits. They appear to be summaries of Cellebrite extractions, but it is not apparent to undersigned counsel they are accurate reproductions of the data contained therein. The government can export data from Cellebrite. *See, e.g.*, 9.1 (Preliminary Device Report). Should the Government seek to introduce information from a Cellebrite report, it should be the original report, not a recreation of it. *See* Fed. R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise.").

Out of an abundance of caution, undersigned counsel also notes other rules implicated in this objection. *See* Fed. R. Evid. 107(a)(" The court may allow a party to present an illustrative aid to help the trier of fact understand the evidence or

argument if the aid's utility in assisting comprehension is not substantially outweigh[ed] by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time."); s*ee* Fed. R. Evid. 1006 advisory committee's note to 2011 amendments ("…if the summary does not accurately reflect the underlying voluminous evidence, or if it is argumentative, its probative value may be substantially outweighed by the risk of unfair prejudice or confusion.").

**Objection to Exhibits 10.9, 10.10, 10.11, 10.13 (Bank of America, Allstate and EZ Pass records)**

The defense objects to the admission of these exhibits based on hearsay and a lack of authentication.  *See* Fed. R. Evid. 803(6).

**Objection to Exhibit 11.1 (File List Exhibit)**

The defense repeats as if fully set forth herein the objection made to Exhibits 9.2, 9.3, 9.5, 9.6, 9.7, 9.8, 10.2, 10.3, 10.4, 10.5, 10.6, 10.7, and 10.8.  Additionally, Exhibit 11.1 references information related to Exhibits 1.1, 1.3, 1.7, and 1.9 that is hearsay and is not derived from any Cellebrite report. This information is inadmissible.

**Objection to Exhibit 19.1**

The defendant objects to this exhibit, absent prejudice to its larger objection to the proposed "expert" testimony Mr. Christopher Vogeler.  *See* ECF No. 82. Specifically, the government purports to admit an expert report that contains information indicating it was "peer reviewed" and that includes findings and conclusion.  Exhibit 19.1 at 1, 14-15, 20, 22, 27, and 29-30. The report contains Mr.

Vogeler's out-of-court statements that will be offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c) (defining hearsay). Should he be permitted to testify, it is his in-court testimony that will be received into evidence, not his report. Additionally, attempting to admit evidence of a "peer review" before the jury of a witness who is not present at trial is both hearsay and violates the Confrontation Clause. *See United States v. Gomez*, No. 21-4029, 2023 U.S. App. LEXIS 13529, at *12 (4th Cir. Jun. 1, 2023)("Several state courts have found evidence of fingerprint verification to be inadmissible hearsay under their evidentiary rules.")

### Conclusion

For the foregoing reasons, Mr. Lopez-Guevara respectfully requests the Court to preclude the admission of the exhibits listed above. Mr. Lopez-Guevara reserves the right to raise additional evidentiary challenges to exhibits as they become apparent.

Respectfully submitted,
James Wyda
Federal Public Defender
for the District of Maryland

___/s/_____
Gabriel Reyes
Francisco A. Carriedo (#816158)
Assistant Federal Public Defenders
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962
Fax:  (410) 962-3976
Email: Gabriel_Reyes@fd.org
        Francisco_Carriedo@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2026, a copy of the foregoing was served via CM/ECF to the Government.

_____/s/_____
Gabriel Reyes