| United States of America | : | |
| | : | |
| | : | |
| v. | : | Case No. 1:25-CR-10-RDB |
| | : | |
| Jose Lopez-Guevara | : | |
| | : | |
| Defendant | : | |

## Response to the Government's Omnibus Motion in Limine

### Introduction

Jose Lopez-Guevara, through Counsel, submits this response to the
Government's omnibus motion in limine, ECF No. 96. The Government requests the
Court to issue an order prohibiting the defense from asking questions, introducing
evidence, or making any statements regarding certain topics. Each is addressed in
turn.

**Plea negotiations**. The Defense does not intend to present any evidence of
plea negotiations. The issue is therefore moot.

**Motive of the government**. The Defense has not filed, and does not intend
to file, any motion based on an argument of selective or discriminatory prosecution.
The issue is therefore moot.

**Consent of minor victims**. The Defense does not intend to present any
defense or offer any evidence to suggest that any visual depictions of sexually
explicit conduct involving minors involved consent by any minor. The issue is
therefore moot.

1

**References to potential penalties**. The Defense does not intend to present any evidence of potential criminal penalties that may result from a guilty verdict in this case. The issue is therefore moot.

**Precautionary measures for admitting and showing forensic discovery.** The Defense has no objection to taking precautionary measures during the presentation of images of sexually explicit conduct involving minors. More specifically, the Defense does not object to:

> (1) Turning off the large screen that is visible to the public during the presentation of child pornography; and

> (2) Using privacy screens at counsel table and the podium.

**Statement made by non-testifying minors**. As noted in the Government's motion, two of the alleged minor victims in this case were interviewed about whether they have been previously sexually abused. None of the minors disclosed any sexual abuse, and none identified Mr. Lopez-Guevara as an abuser. The Government argues that their statements that Mr. Lopez-Guevara did not sexually exploit them are inadmissible hearsay. This blanket proposition runs contrary to the Federal Rules of Evidence and Mr. Lopez-Guevara's right to present a defense.

Hearsay is defined as an "out-of-court statement[] offered for the truth of the matter asserted." *United States v. Lewis*, 10 F.3d 1086, 1091 (4th Cir. 1993); *see also* Fed. R. Evid. 801(c) (defining hearsay). When assessing whether a statement is hearsay, one important question is what the statement was offered to prove. More specifically, "whether it was offered to prove the truth of the matter asserted in it." *United States v. Ferguson*, 140 F.4th 538, 543 (4th Cir. 2025). A statement is not

hearsay if it is offered for a nontruth purposes, such as to show their effect on the listener or to prove one's mental state. *Id.* at 545 (citing cases). Hearsay is generally inadmissible, unless otherwise provided by a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. *See* Fed. R. Evid. 802. And the Federal Rules of Evidence provide a series of exceptions to the rule against hearsay. *See* Fed. R. Evid. 803, 804, and 807.

The Defense is not, at this time, seeking to admit any statements made by the alleged minor victim 1 and 3 during their interviews on December 12, 2024, or February 5, 2025. Whether that changes depends on a number of factors, including how the evidence will be presented at trial. Thus, the issue is not ripe for the Court's consideration.[1]

**Inscriptions on the Samsung cell phone.** The Government seeks to admit inscriptions on a Samsung cell phone to prove that it was manufactured outside of Maryland, to meet its burden of proof on the interstate commerce element of the

---

[1] The fact that the alleged minor victims were interviewed and asked questions about whether they were sexually abused is not hearsay. A communication qualifies as hearsay only if it is a "statement." Fed. R. Evid. 801(a). A statement is defined as "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." *Id.* "Assertion" is not defined, but the advisory committee notes to Rule 801(a) clarify that ' 'nothing is an assertion unless intended to be one.' " *United States v. Sinclair*, 301 Fed.Appx. 251, 253 (4th Cir. 2008). Accordingly, "[a] question or inquiry is not a statement, and therefore is not hearsay unless it can be construed as an intended assertion." *Id.* (quoting published opinions from Second, Fifth, Seventh, and Tenth Circuits). Where a communication "requests . . . information," it "cannot be construed as [an] assertion[]." *Sinclair*, 301 F. App'x at 253. The fact that the alleged minor victims were interviewed, and questions asked pursuant to those interviews, do not constitute hearsay.

charged offenses. *See* Government's Motion at 8. The Defense anticipates resolving this issue by way of stipulation.

Respectfully submitted,
James Wyda
Federal Public Defender
  for the District of Maryland


\_\_\_/s/_____
Francisco A. Carriedo (#816158)
Assistant Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland  21201
Phone: (410) 962-3962
Fax:  (410) 962-0872
Email: Francisco_Carriedo@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2026, a copy of the foregoing was served via CM/ECF to the Government.

_____/s/_____
Francisco A. Carriedo