**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
NORTHERN DIVISION
TOWER II, NINTH FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND  21201-2705
TEL: (410) 962-3962
FAX: (410) 962-0872
TOLL FREE: (855) 213-8450

**JAMES WYDA**
FEDERAL PUBLIC DEFENDER

**GABRIEL REYES & FRANCISCO CARRIEDO**
ASSISTANT FEDERAL PUBLIC DEFENDERS
GABRIEL_REYES@FD.ORG, FRANCISCO_CARRIEDO@FD.ORG

April 10, 2026

Hon. Richard D. Bennett
United States District Court
101 West Lombard Street, Chambers 5D
Baltimore, MD 21201

Re: *United States v. Jose Adan Lopez-Guevara*, 1:25-cr-00010-RDB

Dear Judge Bennett:

At the conclusion of yesterday's hearing, you allowed Mr. Lopez-Guevara to present supplemental briefing on two issues:

1. Whether Federal Rule of Evidence 615(a) permits the government to exclude more than one witness from the normal sequestration requirement; and
2. Whether 18 USC § 3509(i) mandates the Court to record "the image of the child attendant" during the child's testimony.

The answers to these questions are **likely no** (the government may not exempt more than one witness) and **yes** (a district court must video record the child attendant).  As to the second issue, the government agrees with Mr. Lopez-Guevara's reading of § 3509(i)'s requirement that the Court must video record the child attendant during the child's testimony.[1]

For the record, Mr. Lopez-Guevara objects and still maintains that the presence of a child attendant near his children while they testify is unnecessary.  Moreover, he asserts here that the screening procedure the Court has adopted violates his Sixth Amendment Confrontation right.

## The Government Cannot Exempt Two Case Agents from Rule 615's Sequestration Requirement

"Federal Rule of Evidence 615 requires the trial court, at the request of a party, to sequester a witness[.]" *United States v. Farnham*, 791 F.2d 331, 334 (4th Cir. 1986).  This rule applies with equal force to government agents.  *Id.*  Generally, the Fourth Circuit will presume error when it cannot meaningfully evaluate the effect of omitting a second person from the rule.  *See United States v. Harris*, 39 F.3d 1262, 1268 (4th Cir. 1994); *see also, United States v. Mungro*, No. 5:04CR18-1-V, 2008 U.S. Dist. LEXIS 121305, at *21 n.15 (W.D.N.C. May 13, 2008).  Rebutting that presumption requires

---

[1] Email from Victoria Liu, Assistant United States Attorney, to Francisco Carriedo and Gabriel Reyes, Assistant Federal Public Defenders (Apr. 9, 2025) (on file with author).

circumstances that "illustrate clearly that the witness's testimony had no substantial influence on the verdict." *United States v. Etienne*, 293 F. App'x. 977, 979 (4th Cir. 2008).

At this stage, the Court cannot presume that the testimony of agents Torg and DiAntonio will not have a substantial influence on the jury's verdict. Also, their testimony will most likely overlap. *Compare United States v. Kosko*, 870 F.2d 162, 164 (4th Cir. 1989)(finding no error when a district court "permitted both a DEA agent and an IRS agent to remain in the courtroom during the trial," because "the testimony of the two agents did not overlap as to any matter on which they had personal knowledge, and therefore their mutual presence during trial could not have undermined the integrity of the fact-finding process.").

Agent Torg, likely, will introduce exhibits that span years—and her narrative will provide a connective tissue to the government's investigation of Mr. Lopez-Guevara.[2] Special Agent DiAntonio will testify about the recovery of a key piece of evidence (a cell phone the government alleges contained the child pornography that forms the basis of most counts in the indictment), his arrest of Mr. Lopez-Guevara, and his post-arrest conversation with him.[3] Moreover, the Court and government are aware that the defense will present an alternative suspect theory and challenge the quality of the government's investigation. This puts the agents' credibility squarely at issue. *See Farnham*, 791 F.2d at 335 ("Scrupulous adherence to [Rule 615] is particularly necessary in those cases in which the outcome depends on the relative credibility of the parties' witnesses.").

The Court has granted the government's request citing the "complexities" involved in this trial "as evidenced by three days of pretrial hearings and voluminous evidence," thus more directly implicating Rule 615(a)(3).[4] But the Court's diligence as to pretrial matters undermines, rather than supports, a finding that a second agent is now needed at trial. Through successive pretrial conferences, the Court has reduced the complexity of the upcoming trial proceedings. Also, "the government has not advised of an expected lengthy trial or extensive and inaccessible evidence." *See United States v. Brown,* No. 7:11-CR-90-F-1, 2011 U.S. Dist. LEXIS 139701, at *9 (E.D.N.C. Dec. 5, 2011)(citing *United States v. Phibbs*, 999 F.2d 1053, 1073 (6th Cir. 1993)).

Separately, Mr. Lopez-Guevara notes that while he strongly opposes the presence of a second agent at trial, Fourth Circuit precedent points to best practices when a case agent testifies. Having the case agent(s) testify first is recommendable. *United States v. Frazier,* 417 F.2d 1138, 1139 (4th Cir. 1969). It is hard to implement this best practice with two testifying agents exempted from the sequestration rule.

### 18 USC § 3509(i) Mandates a Video Recording

When a court allows "an adult attendant" to "remain in close proximity to or in contact with the child while the child testifies[,]" the governing statute commands that the "[t]he image of the child attendant, for the time the child is testifying…shall be recorded on videotape." 18 U.S.C. §

---

[2] Undersigned counsel has requested more information from the government as to Agent Torg's testimony; but as of the time of this filing has received no response.

[3] Undersigned counsel presumes that Agent DiAntonio will testify to these matters based on proposed government Exhibits 8.3 and 8.5; also, he was involved in Mr. Lopez-Guevara's arrest on December 12, 2024.

[4] Undersigned counsel does not have the benefit of a transcript form yesterday's proceeding—and so is paraphrasing the Court based on his memory of those proceedings.

3509(i).  Via email, the government has conceded that a proper reading of the statute requires a video recording in this case.

Courts and prosecutors in other districts have reached the same conclusion.  *See United States v. Boyajin*, CR09-933(A)-CAS, 2015 U.S. Dist. LEXIS 8679, at *7 (C.D. Ca. Jan. 23, 2015)("The prosecution also represents that it will make arrangements to have the image of the attendant and child recorded as required by § 3509(i)."); *United States v. Samuel M.*, No. CR 13-0088, 2013 U.S. Dist. LEXIS 181297, at *4 (D.N.M. May 3, 2013)("The Court asked the United States if it intended to videotape the direct-examination, to which the United States responded that it intended to record the testimony.").  Circuits also recognize the requirement of a video recording as a plausible reading of the statute—although they have yet to address the issue under a proper standard of review.  *See, e.g.*, *Sexton v. Howard*, 55 F.3d 1557 (11th Cir. 1995)("As Sexton also points out, however, that statute contains certain safeguards, such as a requirement that the adult attendant be videotaped while the child is testifying."); *United States v. Grooms*, 978 F.2d 425, 429 (8th Cir. 1992)("Even assuming arguendo that the section 3509 (i) videotaping requirement is applicable in the circumstances of this case—a question of statutory construction that we need not and do not decide—we are unable to say that Grooms's conviction represents a miscarriage of justice.")

### A Screening Procedure Violates Mr. Lopez-Guevara's Confrontation Rights

The Court has proposed that the child attendant stand between the testifying witness and Mr. Lopez-Guevara.  Such a procedure would violate his Sixth Amendment Confrontation right.  *See Pitts v. Mississippi*, 607 U.S. 1, 4 (2025)("the Sixth Amendment tolerates screening in child-abuse cases only if a court 'hear[s] evidence' and issues a 'case-specific' finding of '[t]he requisite ... necessity.'"); *see also*, *United States v. Cotto-Flores*, 970 F.3d 17, 37–39 (1st Cir. 2020)(indicating that after a court makes specific findings that a minor would feel so fearful as to be unable to reasonably communicate their testimony, CCTV is the more appropriate remedy to assure that the defendant may be able to view the accuser).  As such, Mr. Lopez-Guevara requests a hearing so that the Court can make specific findings before it implements a screening procedure.

Sincerely,

/s/

GABRIEL REYES
Assistant Federal Public Defender