

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Paul E. Budlow*
*Assistant United States Attorney*
*Paul.Budlow@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4917*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*

April 17, 2026

**BY ECF**

The Honorable Richard D. Bennett
United States District Judge
United States District Court for the District of Maryland
United States Courthouse
101 West Lombard Street
Baltimore, MD 21201

Re:     *United States v. Jose Adan Lopez-Guevara*, Crim. No. RDB-25-10

Dear Judge Bennett:

The government writes to address two evidence issues that may arise during the testimony of Special Agent Torg this morning, Friday, April 17, 2026

First, while the government does not object to the playing of defense Exhibit 29 (a video) at the appropriate time, the government does object to the playing of the audio contained in that video. The video depicts is from Josue Roman's phone, and depicts Mr. Roman talking to the defendant's youngest child. To be clear, this child is not one of the alleged minor victims. During the approximately 20 second video, Mr. Roman is speaking to the defendant's daughter. The parties agree that the English translation of Mr. Roman's words is Mr. Roman telling the little girls that he is going to "annoy" or "bother" her. The video and audio clearly depict an innocent interaction. The Spanish word for annoy is "molestar." Given the nature of this case and the limited probative value of this exhibit, and the complete lack of probative value of the words being spoken, the playing of this audio file with a word strikingly similar to the unrelated English word, *molestation*, is misleading and prejudicial – even with a stipulation as to the meaning of the word. The government therefore requests that if the video file is admitted, the audio file not be played, and that a stipulation or transcript be provided to the jury regarding the words spoken, if at all.

Second, based on review of the defendant's exhibit list, it appears that the defense will be admitting numerous files, including defense Exhibit 29, that were obtained from Mr. Roman's phone. The government believes that the defense will attempt to admit these files, not during the defendant's case, but through their cross-examination of Special Agent Torg. And while the Court has indicated a willingness to allow some questioning beyond the scope of direct examination, thus anticipated tactic by the defense is a bridge too far. The files on Mr. Roman's phone are clearly part of the defendant's "third-party perpetrator" strategy, are clearly beyond the scope of

the anticipated direct examination of Special Agent Torg, and should therefore be admitted during the defendant case in chief.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _____
Paul E. Budlow
Victoria Liu
Assistant United States Attorney

Cc:     All counsel (by ECF)